IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANNY ROBERT RAINES,  )<br>  )<br>            Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SGT. NICKEL, CORRECTIONAL  )<br>OFFICER WHITE, CORRECTIONAL  )<br>OFFICER CONANT, WARDEN  )<br>RANDY BLADES, and LARRY  )<br>MILLER,  )<br>  )<br>            Defendants.  )<br>_____ ) | Case No. CV05-332-S-LMB<br><br>**ORDER** |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Extension of Time (Docket No. 12); (2) Plaintiff's Motion for Discovery (Docket No. 15); (3) Plaintiff's Motion to Reassign Case (Docket No. 17); (4) Plaintiff's Motion for Temporary Restraining Order (Docket No. 18); (5) Plaintiff's Motion to Appoint Counsel (Docket No. 19); (6) Defendants' Motion to Take Deposition (Docket No. 20); and (7) Plaintiff's Motion Objecting to All Parties Consenting to Magistrate Judge (Docket No. 27). All parties previously consented to the jurisdiction of a Magistrate Judge to determine this matter, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having carefully reviewed the record, the Court has determined that Plaintiff's request for an extension of the document exchange deadline will be granted. Plaintiff's

**ORDER  1**

other pending motions will be denied. Defendants' request to take Plaintiff's deposition will be granted. The Court will also issue a pre-trial scheduling order for this action.

## I.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho State Correctional Institution (ISCI). In the Complaint, Plaintiff named the following Defendants: (1) Sargent Nickel; (2) Correctional Specialist White; (3) Correctional Officer Conant; (4) Warden Randy Blades; and (5) IDOC employee, Larry Miller.

Plaintiff alleges that on or about January 20, 2005, Defendants failed to properly maintain the heating and ventilation system in Unit 15 at ISCI, and it quit working. He alleges that a large amount of condensation was created due to the hot water from the showers, and several puddles of water formed under the skylights in the Unit. He further alleges that water formed under anything that was metal. This condition allegedly existed for a few days, and no attempt was made to remove the water puddles.

Plaintiff claims that he slipped and fell in one of the large water puddles, and he sustained injuries to his neck, shoulder, and back. He received medical treatment for the injuries and the resulting pain. He alleges that he received steroid shots in his neck and shoulder for the injuries, and he claims that he has continuing pain from the injury. Plaintiff alleges that Defendants' conduct amounted to deliberate indifference to his safety.

**ORDER  2**

## II.

## PENDING MOTIONS

### A. Motion for Extension of Discovery Deadlines

Plaintiff's first motion requested an extension of time within which to conduct discovery in this action. He alleges that he has had difficulty obtaining the documents he needs to exchange with Defendants, and therefore, he requests an additional thirty days within which to complete the document exchange. It does not appear that Defendants responded to Plaintiff's request for additional time within which to exchange relevant documents. Therefore, the Court will grant Plaintiff's request. The time within which to exchange relevant documents pursuant to the Court's Initial Review Order is extended for thirty (30) days.

### B. Motion for Discovery

Plaintiff's second motion is entitled "Motion for Discovery," but it consists of documents Plaintiff "submits as evidence . . . pertaining to the injury and incident." *Docket No. 15-1*, p. 1. The motion proceeds to provide a chronology of events relating to Plaintiff's Eighth Amendment claim, affidavits from other prisoners, medical records, and health services request forms.

It is unclear exactly what the purpose of Plaintiff's motion is because he fails to request any relief. To the extent Plaintiff is supplying records to the Court in support of his claim, the Court will retain the documents as part of the Court file. Plaintiff is directed not to submit the same documents to the Court with another motion, but he may

**ORDER 3**

refer to these documents in support of future requests for relief or in opposition to a request for summary judgment.

Based on the foregoing, Plaintiff's Motion for Discovery is denied because it fails to request any relief from the Court.

### C. Motion to Reassign Case

Plaintiff filed two motions relating to the assignment of this case to a Magistrate Judge. Plaintiff signed a consent to the jurisdiction of a Magistrate Judge to decide all matters in his case, and it was filed with the Clerk of Court in August of 2005. Defendants filed a consent in January of 2006. *Docket No. 16*. After Plaintiff consented to the jurisdiction of a Magistrate Judge, he filed a motion requesting that this action be reassigned to a District Court Judge. He also filed a motion, objecting to the docket entry notifying the parties that both sides had consented.

Plaintiff's motions requesting reassignment do not set forth the basis for the request. Parties may not withdraw their consents without a showing of good cause or under extraordinary circumstances. 28 U.S.C. § 636 (c); *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995). Plaintiff has failed to show good cause for the reassignment request, and therefore, the motions will be denied.

### D. Motion for Temporary Restraining Order

Plaintiff has requested that the Court enter a preliminary injunction preventing Defendants from retaliating against him, including transferring him to other facilities. He also requests adequate medical care for his back condition, although he does not specify

**ORDER  4**

what type of care he believes should be provided to him.  Neither does the injunctive relief request include details about the alleged denial of adequate medical care.

A Rule 65 preliminary injunction may be granted if the moving party satisfies either the "traditional standard" or the "alternative standard" of law.  *International Jensen, Inc. v. Metrosound U.S.A., Inc*., 4 F.3d 819, 822 (9th Cir. 1993). The traditional standard requires a demonstration of the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief.  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).  Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.  *Benda v. Grand Lodge of Internat'l. Ass'n. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979).  An irreparable injury is defined as an actual and concrete harm, or the imminent threat of an actual and concrete harm.  *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  A threat of harm is not "imminent" if it is based upon remote possibilities or mere speculation.  *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 675 (9th Cir. 1988).

Where, as here, a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party."  *See Stanley v.*

**ORDER  5**

*University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation and citation omitted); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (because a preliminary injunction is an extraordinary remedy, it should not be granted routinely, but only when the plaintiff, by a clear showing, carries its burden of persuasion on each of the required elements). A court "is not obligated to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Board of Education,* 910 F.2d 1172, 1176 (3rd Cir. 1990).

Plaintiff was authorized to proceed with an Eighth Amendment claim against Defendants based on the alleged failure to prevent dangerous conditions at the prison. *Initial Review Order*, *Docket No. 8*, p. 4. The Motion for Temporary Restraining Order appears to be alleging a new Eighth Amendment claim for failure to provide adequate medical care. Plaintiff has not named any medical providers or supervisors of medical providers in his Complaint. Therefore, the Defendants against whom injunctive orders could be made relating to future medical care are not parties to this action.

### 1. Eighth Amendment Medical Care Standard

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have

**ORDER  6**

unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). The Ninth Circuit recently clarified that if medical personnel have

**ORDER  7**

been consistently responsive to the inmate's medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary judgment of the plaintiff's claim is properly granted. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

In the event Plaintiff can meet the standards set forth above for the alleged failure to provide adequate medical care, he may request leave to file an amended complaint, containing the medical care allegations. Plaintiff is advised to name those individuals who either personally participated in the alleged Eighth Amendment violation or were in a supervisory role and knew of and failed to prevent the violation.

At this point in the case, Plaintiff has not set forth allegations showing that he will prevail on the merits of his Eighth Amendment medical claims against the named Defendants. There is nothing in the record indicating that Defendants are aware of Plaintiff's alleged inadequate medical care because the medical provider from whom Plaintiff is seeking the care is a private contractor with the IDOC. Plaintiff's request for injunctive relief also fails to specify what type of specific relief he is seeking. The allegations in support of the request appear to relate only to the alleged past failure to provide adequate medical care. In the event Plaintiff re-files a motion seeking injunctive relief based on inadequate medical care, he must specify the type of relief he is requesting. Based on the foregoing, Plaintiff's request for immediate injunctive relief relating to alleged inadequate medical care is denied.

**ORDER 8**

Plaintiff also requested an injunctive order, preventing Defendants from moving him to another institution.  He claims that his ability to access the court is adversely affected when he is transferred to a different institution.  There are no specific allegations relating to these claims.

### 2. Retaliation Standard

A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury.  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Plaintiff's allegations generally allege that transfers among different correctional institutions has affected his ability to litigate his lawsuit.  He provides no examples of ways in which he was prevented from filing documents with the Court or whether Defendants' alleged actions chilled his First Amendment rights to access the Court.  Based on the bare allegations in Plaintiff's Motion, the Court is unable to determine whether a cognizable retaliation claim has been adequately set forth in the pleadings.

The mere possibility that Plaintiff will be transferred to another institution is an insufficient showing for an injunctive relief request.  Plaintiff is also advised that the Supreme Court has cautioned the federal courts not to interfere with the day-to-day

**ORDER  9**

...

operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78 (1987). Because placement of inmates in particular facilities is often a matter of security and Plaintiff has asserted only speculative grounds to support his claim of future retaliation, the Court declines to enter an Order prohibiting Plaintiff's transfer to another institution. In the event Plaintiff believes he has sufficient allegations to add a retaliation claim to his Complaint, he may request leave to file an amended complaint, containing this claim.

### E. Motion to Appoint Counsel

Plaintiff requested appointment of counsel in order to pursue his Eighth Amendment claim. He alleges that the "issues to be presented in this case may become [too] complex for the Plaintiff to properly pursue." *Docket No. 19-1*, p. 1. He also claims that he lacks the expertise to pursue his claims. *Id.*, p. 2.

Plaintiff is advised that unlike criminal defendants, prisoners in civil rights actions have no constitutional right to counsel. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "extraordinary cases." *Id.* at 1330. To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues

**ORDER  10**

involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor is dispositive, and both must be evaluated together.  *Id*.

Applying the factors to this case, the Court previously determined that a liberal reading of Plaintiff's Complaint sufficiently stated cognizable civil rights claims.  As set forth in the discussion pertaining to Plaintiff's injunctive relief request, Plaintiff's conclusory allegations of alleged civil rights violations do not presently show a likelihood of success on the merits.  Plaintiff has also demonstrated the ability to file motions that adequately set forth the claims he is trying to pursue, and the legal issues in this case are not so complex as to warrant appointment of counsel at this point in the action.  If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel for Plaintiff.

Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 109 S. Ct. 1814, 1816 (1989).  Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id.*  The Court has no funds to pay for attorney fees in civil matters, such as this one.  Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is difficult.  For these reasons, Plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.  Plaintiff may contact the Idaho Volunteer Lawyer Program to see if they have an attorney on their panel who is willing to represent Plaintiff.

**ORDER  11**

**F. Motion to Take Plaintiff's Deposition**

Finally, Defendants filed a motion requesting leave to take Plaintiff's deposition. It appears that good cause exists to grant Defendants' request. The Court will provide a pre-trial scheduling Order, outlining the deadlines for written discovery and depositions in this action.

ORDER  12

### III.

### SCHEDULING ORDER

The parties shall abide by the following pre-trial scheduling order:

**Amendment of Pleadings and Joinder of Parties**: All motions to amend pleadings and join parties shall be filed on or before **August 18, 2006.** This deadline shall only be extended for good cause shown.[1]  All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target.  Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

**Disclosure of Expert Witnesses**: Plaintiff's expert witnesses shall be designated by **August 18, 2006.** Defendants' expert witnesses shall be designated by **September 8, 2006.** Rebuttal experts shall be designated by **September 22, 2006.** Expert reports shall be in compliance with Fed. R. Civ. Proc. 26 (a)(2)(B), as modified by Local Civil Rule 26.2 (b).

**Completion of Discovery and Requests for Subpoenas:** All discovery shall be completed on or before **October 27, 2006.** Discovery requests must be made far enough

---

[1] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**ORDER  13**

in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **September 29, 2006.**  No requests for subpoenas duces tecum will be entertained after that date.

     **Depositions**:   Depositions, if any, shall be completed on or before **October 27, 2006.**  If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days written notice to all parties and deponents.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by the deponent, counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure, by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the

**ORDER  14**

court reporter's time and the transcription, and the source of funds for payment of the cost.

**Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **December 15, 2006.** Responsive briefs to such motions shall be filed within thirty (30) days after service of motions. Reply briefs, if any, shall be filed within fourteen (14) days after service of responses. All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho. **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court. No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Extension of Time (Docket No. 12) is GRANTED.

2. Plaintiff's Motion for Discovery (Docket No. 15) is DENIED.

3. Plaintiff's Motion to Reassign Case (Docket No. 17) is DENIED.

4. Plaintiff's Motion for Temporary Restraining Order (Docket No. 18, all parts therein) is DENIED.

5. Plaintiff's Motion to Appoint Counsel (Docket No. 19) is DENIED.

6. Defendants' Motion to Take Deposition (Docket No. 20) is GRANTED.

**ORDER  15**

7.  Plaintiff's Motion Objecting to All Parties Consenting to Magistrate Judge (Docket No. 27) is DENIED.

8.  The parties shall abide by the pre-trial scheduling order set forth above.



DATED:  **June 6, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER  16**